

**New York**
The New York Times Building
620 Eighth Avenue
36th Floor
New York, NY 10018
(212) 899-9960 Tel
(212) 956-1971 Fax

**Writer's Direct Dial:**
(212) 899-9979

**Writer's E-mail:**
bgershengorn@fisherphillips.com

April 19, 2021

**BY ECF**
Honorable Judge Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 11216

      Re:    *Kathleen Mitchell v. Ceros, Inc., Jennifer Schwalb, and Melissa Wygant*,
             Civil Action No. 21-cv-01570 (KPF)

Dear Judge Failla,

      We represent Defendants Ceros Inc. ("Ceros"), Melissa Wygant ("Wygant"), and Jennifer Schwalb ("Schwalb") (collectively "Defendants") in the above-captioned action, and write pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, to respectfully request a pre-motion conference to seek leave to move to dismiss Plaintiff's first, third, and fifth claims for relief and all claims against the individual defendants. Additionally, Defendants request a stay of the action pending the resolution of Defendants' partial motion to dismiss the Complaint. Defendants' anticipated motion is not made on consent. Prior to submitting this letter, counsel for Defendants provided counsel for Plaintiff with an outline of their motion to acquire Plaintiff's consent to amend the Complaint. Plaintiff's counsel rebuffed Defendants' arguments and threatened sanctions should counsel submit Defendants' motion to dismiss. As detailed below, Defendants have a meritorious partial motion to dismiss as the Complaint is devoid of facts necessary to state a claim of wage discrimination or impute liability on the individual defendants. Accordingly, Defendants respectfully request a pre-motion conference before Your Honor.

      Plaintiff Kathleen Mitchell ("Plaintiff"), a former Producer at Ceros, was terminated from her employment on January 7, 2020, for performance related issues. Plaintiff alleges that Ceros' failure to make a comparable adjustment to her salary after hiring a male Producer, Anish Joshi ("Joshi"), at a starting salary of $90,000 constituted wage discrimination on the basis of sex. Plaintiff also alleges she was terminated from her employment in retaliation for complaining about the difference in pay. Plaintiff brings claims of pay and gender discrimination and retaliation under

**Fisher & Phillips LLP**
Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Detroit • Fort Lauderdale • Gulfport
Houston • Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • Nashville • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

FP 40344090.1

the Equal Pay Act ("EPA"), the New York Labor Law ("NYLL"), and the New York City Human Rights Law ("NYCHRL"). The basis for the proposed partial motion to dismiss is set forth below.

1. **Plaintiff's EPA, NYLL, and NYCHRL Wage Discrimination Claims Should Be Dismissed**

Plaintiff's conclusory allegations and boilerplate recitation of the standard for a wage discrimination claim are, even at the motion to dismiss stage, insufficient to plausibly state a claim. Under the EPA and NYLL, Plaintiff must allege that: "(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254-55 (2d Cir. 2014); *see also Moccio v. Cornell Univ.*, 889 F. Supp. 2d 539, 570 (S.D.N.Y. Aug. 27, 2012) *aff'd*, 526 F. App'x 124 (2d Cir. 2013) ("Claims for violations of the [EPA] and the [NYLL] may be evaluated under the same standard."). Apart from Plaintiff's assertion that she and Joshi held the same title, Plaintiff's Complaint lacks any factual allegations showing they performed equal work and that the Producer position was performed under similar working conditions. *See E.E.O.C.*, 768 F.3d at 254-55; *see also id*. at 256 ("A successful EPA claim depends on the comparison of actual job content; broad generalizations drawn from job titles, classifications, or divisions, and conclusory assertions of sex discrimination, cannot suffice."). Moreover, Plaintiff's conclusory allegations that Plaintiff and Joshi had "similar job duties, responsibilities and skills" and "worked side-by-side" are not enough to support Plaintiff's wage discrimination claims. *See Rose v. Goldman, Sachs & Co*., 163 F. Supp. 2d 238, 244 (S.D.N.Y. Sep. 6, 2001) (claims dismissed as conclusory where "Plaintiff's amended complaint contains nothing more than bald assertions that she and male employees of Defendant received disparate wages for substantially equal jobs under similar working conditions"). Plaintiff's allegation that she and Joshi had the "exact same position" is similarly deficient. *See E.E.O.C.*, 768 F.3d at 256 (dismissing claim as plainly insufficient where plaintiff, without additional factual support, alleged all nonsupervisory attorneys had the same job). Accordingly, since Plaintiff fails to allege facts detailing the actual job content or working conditions of the Producer position, her EPA and NYLL wage discrimination claims should be dismissed.

Even under the broader protections afforded under NYCHRL, Plaintiff's claim still fails, as she does not allege facts sufficient to state a claim of gender discrimination. To state a claim, Plaintiff must show she was treated less well because of her gender. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Plaintiff's conclusory allegation that she was paid less than unidentified similarly situated male employees cannot support a discrimination claim. *See Taylor v. Health Research, Inc*., No. 151848/2019, 2019 WL 5212862, at *2 (N.Y. Sup. Ct., N.Y. Co. Oct. 16, 2019) (conclusory allegation that similarly situated white employees were not treated the same are insufficient to demonstrate discriminatory intent). Moreover, Plaintiff has not alleged any facts showing the difference in pay between herself and Joshi was due to gender-based discriminatory animus. *See Grant v. New York Times Co*., No. 16-03175 (PKC), 2017 WL 4119279, at *8 (S.D.N.Y. Sept. 14, 2017) ("The plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive.") (quoting *Mihalik*, 715 F.3d at 110). Indeed, the Complaint is entirely devoid of any allegations showing that Wygant or Schwalb, who Plaintiff seemingly finds wholly responsible for the alleged pay disparity, made comments or references to Plaintiff's gender. *See Whitfield-Ortiz v. Dep't of Educ. of City of New*

*York*, 116 A.D.3d 580, 581 (2014). Therefore, her NYCHRL gender discrimination claim should be dismissed.

    **2.  Plaintiff's EPA, NYLL, and NYCHRL Claims Against Individual Defendants Should Be Dismissed**

    Plaintiff's EPA and NYLL claims against individual defendants Wygant and Schwalb should also be dismissed as Plaintiff fails to allege – let alone provide any factual allegations showing – that Wygant and Schwalb were "employers" as defined by the EPA and NYLL. The overarching concern for determining whether an individual qualifies as an "employer" is "whether the alleged employer possessed the power to control the workers in question, . . . with an eye to the 'economic reality' presented by the facts of each case." *Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08-6519 (PKC), 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)); *MacSweeney v. ING Life Ins. & Annuity Co.*, No. 11-971 (VB), 2011 WL 4839086, at *3 (S.D.N.Y. Oct. 12, 2011) ("The Fair Labor Standards Act ("FLSA") incorporates the EPA, and the FLSA's definition of 'employer' applies to the EPA."). Courts apply the same analysis to determine whether an individual defendant qualifies as an employer under NYLL. *See De Quan Lu v. Red Koi, Inc.*, No. 17-7291 (VEC), 2020 WL 7711410, at *3 (S.D.N.Y. Dec. 29, 2020).

    Plaintiff has pleaded no facts showing that the individual defendants had "power to mak[e] hiring or firing decisions, control work schedules or employment conditions, determine the rate or method of payment, or maintain employment records." *Xue Lian Lin*, No. 08-6519 (PKC), 2009 WL 976835 at *2. Here, Plaintiff simply alleges Wygant and Schwalb – as a part of Ceros management – participated in a Slack channel discussion about an intended salary offer to Joshi; however, Plaintiff fails to allege that the individuals had the power to control wages. *See id.* Further, Plaintiff alleges Schwalb merely *told* Plaintiff defendant Ceros was terminating her employment, an action that cannot serve as a basis to impute "employer" status on Schwalb. *See Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-6018 (PAE), 2019 WL 633355, at *8 (S.D.N.Y. Feb. 14, 2019) (dismissing claim against individual defendant where the amended complaint did not plead facts showing the individual defendant had "functional control" over termination decision); *Johnson v. A.P. Prods., Ltd.*, 934 F. Supp. 625, 629 (S.D.N.Y. Aug. 6, 1996) (same).

    Plaintiff's NYCHRL gender discrimination and retaliation claims against the individual defendants should also be dismissed. Under the NYCHRL, Plaintiff must allege facts showing the individual defendants engaged in or aided and abetted the alleged discriminatory conduct or retaliation. *See Doe v. Bloomberg, L.P.*, No. 8, 2021 WL 496608, at *4 (N.Y. Feb. 11, 2021). To state a claim, Plaintiff must allege facts showing she was subjected to the adverse conduct – treated less well – because of her gender. *See Mihalik*, 715 F.3d at 110. Here, the Complaint lacks factual allegations showing the difference in pay between Plaintiff and Joshi was due to gender-based animosity or a discriminatory motive. *See id*. Nor does Plaintiff even allege that Wygant was involved in the decision to terminate Plaintiff's employment or that Schwalb effectuated Plaintiff's termination because of her protected activity. *See id*. ("a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by [...] retaliatory motives"). Accordingly, her NYCHRL gender discrimination and retaliation claims against the individual defendants should be dismissed.

                                                  Respectfully submitted,

                                                  *Brian J. Gershengorn*

                                                  Brian J. Gershengorn

CC:    D. Maimon Kirschenbaum
          JOSEPH & KIRSCHENBAUM LLP
          32 Broadway, Suite 601
          New York, NY 10004
          Tel: (212) 688-5640
          Fax: (212) 688-2548