

**New York**
The New York Times Building
620 Eighth Avenue
36th Floor
New York, NY 10018
(212) 899-9960 Tel
(212) 956-1971 Fax

**Writer's Direct Dial:**
(212) 899-9979

**Writer's E-mail:**
bgershengorn@fisherphillips.com

June 4, 2021

**BY ECF**
Honorable Judge Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 11216

      Re: *Kathleen Mitchell v. Ceros, Inc., Jennifer Schwalb, and Melissa Wygant*,
            Civil Action No. 21-cv-01570 (KPF)

Dear Judge Failla,

    We represent Defendants Ceros Inc. ("Ceros"), Melissa Wygant ("Wygant"), and Jennifer Schwalb ("Schwalb") (collectively "Defendants") in the above-captioned action, and write pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases and April 23, 2021 Order, to respectfully renew our request for a pre-motion conference to seek leave to move to dismiss Plaintiff's first, third, and fifth claims for relief and all claims against the individual defendants. Additionally, Defendants request a stay of the action pending the resolution of Defendants' partial motion to dismiss the Amended Complaint. While Plaintiff asserted additional factual allegations in her Amended Complaint, the amended pleading still fails to state a wage or gender discrimination claim. Moreover, all claims levied against the individual defendants must be dismissed because Wygant and Schwalb were not Plaintiff's employer within the meaning of the EPA and NYLL nor did they discriminate or retaliate against Plaintiff.

1. **Plaintiff's EPA, NYLL, and NYCHRL Wage Discrimination Claims Should Be Dismissed**

    In her Amended Complaint, Plaintiff still relies on the boilerplate language that Plaintiff and Anish Joshi ("Joshi"), who were both Producers at Ceros, had the "same job duties and responsibilities" that "required them to use the same skills." Plaintiff also, in an attempt to remedy the deficiencies of her original pleading, peppers additional facts into her Amended Complaint concerning the job duties and responsibilities of the Producer position, her and Joshi's work

**Fisher & Phillips LLP**

Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Detroit • Fort Lauderdale • Gulfport
Houston • Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • Nashville • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

history, and seating arrangements. However, these facts, even taken together, do not plausibly support Plaintiff's wage discrimination claims under the EPA and NYLL.

The Amended Complaint's general description of the job duties and responsibilities of a Producer at Ceros, which included working with clients and creating and adhering to schedules and budgets, constitutes no more than a thinly veiled job description that fails to permit a "reasonable inference" that the content of Joshi and Plaintiff's positions was substantially equal. *See E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 255-56 (2d Cir. 2014). Plaintiff does not provide any factual allegations detailing the number of clients Plaintiff and Joshi had or the content and difficulty of their assignments. *See id.* at 257 (dismissing EPA claim concerning nonsupervisory female and male attorneys where the EEOC's complaint provided no guidance as to actual content of the matters the attorneys handled, such as "whether the attorneys handled complex commercial matters or minor slip-and-falls, negotiated sophisticated lease and financing arrangements or responded to employee complaints, conducted research for briefs or drafted multimillion-dollar contracts."). Furthermore, Plaintiff and Joshi's "roughly" equal years of experience in advertising has no bearing on the viability of Plaintiff's claim. *See Kassman v. KPMG LLP*, No. 11-3743 (LGS), 2020 WL 4003367, at *6 (S.D.N.Y. July 15, 2020) (quoting *Port Auth. of New York & New Jersey*, 768 F.3d at 256-57 ("allegations that solely relate to 'experience, training, education, or ability' […] are insufficient to plead an EPA claim")). Nor does the fact that Plaintiff and Joshi had the same direct supervisor mean that the content of their positions was substantially similar. *See Port Auth. of New York & New Jersey*, 768 F.3d at 255 (The Second Circuit "has [] focused on the congruity and equality of actual job content between the plaintiff and comparator in weighing EPA claims."). Finally, that Plaintiff and Joshi sat next to each other in their open floor plan office has no probative value. *See id.*

Concerning Plaintiff's NYCHRL claim, the Amended Complaint does not allege facts supportive of her claim that Wygant or Schwalb, who, like Plaintiff, are both women, treated Plaintiff less well because of her gender. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (a plaintiff must show by a preponderance of the evidence that she has been treated less well because of her gender to establish a gender discrimination claim under the NYCHRL). In marked contrast, Plaintiff alleges Wygant and Schwalb each met with Plaintiff, listened to her concerns, and, though Plaintiff now dismisses their actions, expressed empathy. Following these discussions, Plaintiff received a $5,000 increase in her salary. In sum, since Plaintiff does not allege that the *content* of Plaintiff and Joshi's job duties were substantially similar or allege facts supporting an inference of discrimination, her EPA, NYLL, and NYCHRL wage discrimination claims should be dismissed.

2. **Plaintiff's EPA, NYLL, and NYCHRL Claims Against the Individual Defendants Should Be Dismissed**

The Amended Complaint also fails to allege facts supportive of her tenuous claim that Schwalb and Wygant were Plaintiff's employer. First, Plaintiff fails to allege facts showing Wygant had final, decision-making authority with respect to hiring and firing. Indeed, Plaintiff now asserts in her Amended Complaint that Kevin Au ("Au"), Plaintiff's direct supervisor, told Plaintiff she was terminated from her employment during a Zoom call with Schwalb. Wygant was not in attendance.[1] Second, the Amended Complaint lacks any specific examples of Wygant

---

[1] Plaintiff added facts to her Amended Complaint to buttress her allegation that Wygant made the decision to terminate Plaintiff's employment but edited her Amended Complaint to clearly identify her retaliation claims as against Ceros

directly exerting control over Plaintiff's work schedule or the conditions of her employment. *See Puchalski v. FM Constr., Inc.*, No. 18-1596 (SJB), 2020 WL 6727777, at *7-8 (E.D.N.Y. Nov. 16, 2020). Third, the Amended Complaint does not plausibly allege that because Wygant and Schwalb participated in a Slack channel discussion pertaining to human resources decisions that they, personally, had the power to control Plaintiff's wages. *See Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08-6519 (PKC), 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009). Finally, the Amended Complaint does not allege Wygant or Schwalb maintained employment records. *See id*.

Moreover, even if the court finds Plaintiff has alleged facts sufficient to show Schwalb and Wygant had final, decision making authority over Plaintiff's termination, control over said types of decisions is only one consideration when determining if an individual is an employer. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ("No one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive.") (internal citations omitted). Here, the "totality of the circumstances" do not point to Wygant and Schwalb being Plaintiff's employer; accordingly, Plaintiff's claims against the individual defendants should be dismissed. *See Diaz v. Consortium for Worker Educ., Inc.*, No. 10-01848 LAP, 2010 WL 3910280, at *2 (S.D.N.Y. Sept. 28, 2010) (quoting *Johnson v. A.P. Products, LTD*., 934 F. Supp. 625, 628 (S.D.N.Y. Aug. 6, 1996) ("The 'economic reality' test is designed to constrain the otherwise broadly applicable plain language of the statute, which 'taken literally would support liability against any agent or employee with supervisory power over [other] employees.'")).

Plaintiff's NYCHRL gender discrimination claims against Wygant and Schwalb and retaliation claim against Schwalb should also be dismissed. As stated, the Amended Complaint fails to plead that Wygant and Schwalb engaged in or aided and abetted the alleged gender discrimination. *See Doe v. Bloomberg, L.P.*, 36 N.Y.3d 450, 459 (2021); *see also* Kraiem v. *JonesTrading Institutional Servs. LLC*, No. 19-05160 (ALC), 2021 WL 2134818, at *3 (S.D.N.Y. May 26, 2021) ("Aiding and abetting is only a viable theory where an underlying violation has taken place."). The Amended Complaint, like the original complaint, is entirely devoid of factual allegations showing the difference in pay between Plaintiff and Joshi was due to gender-based animosity or a discriminatory motive. *See Mihalik*, 715 F.3d at 110. Furthermore, the retaliation claim against Schwalb should be dismissed since Plaintiff has not plausibly alleged facts showing she was terminated because of her protected activity. *See Mihalik*, 715 F.3d at 113 ("a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by [...] retaliatory motives"). Rather, as allegedly stated by Schwalb, Plaintiff was terminated for documented deficiencies with her job performance. Therefore, Plaintiff's NYCHRL gender discrimination and retaliation claims against the individual defendants should be dismissed.

Respectfully submitted,

*s/ Brian J. Gershengorn*

Brian J. Gershengorn

---

and Schwalb only.

CC: D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548