**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KATHLEEN MITCHELL,                       :

                                  :

                Plaintiff,       :     Case No. 21-cv-1570 (KPF)

                                  :

    v.                             :

                                  :

CEROS, INC., JENNIFER SCHWALB, and   :

MELISSA WYGANT,                  :

                                  :

                Defendants.    :

                                  :
-----------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS

---

Brian J. Gershengorn, Esq.
**FISHER & PHILLIPS LLP**
620 Eighth Avenue, 36th Floor
New York, NY 10018
Phone: (212) 899-9965
Fax: (212) 956-1971
*Attorneys for Defendants*

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF CONTENTS....................................................................................................i

TABLE OF AUTHORITIES ............................................................................................ii

I.      PRELIMINARY STATEMENT ...............................................................................1

II.     STATEMENT OF FACTS ........................................................................................2

III.    ARGUMENT.............................................................................................................4

      A.  Standard of Review……………………………………………………………4

      B.  Plaintiff's EPA, NYLL, and NYCHRL Wage Discrimination Claims Should Be Dismissed…………………………………………………………………...5

      C.  Plaintiff's EPA, NYLL, and NYCHRL Claims Against the Individual Defendants Should Be Dismissed…………………………………………………………10

IV.    CONCLUSION.......................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 4, 5

*Bass v. World Wrestling Fed'n Ent., Inc.*,
  129 F. Supp. 2d 491 (E.D.N.Y. Feb. 14, 2001) ............................................................. 7

*Bell Atl. Corp v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 5

*Chiaramonte v. Animal Med. Ctr.*,
  No. 13-5117 (KPF), 2014 WL 3611098 (S.D.N.Y. July 22, 2014) .............................. 5, 7

*Diaz v. Consortium for Worker Educ., Inc.*,
  No. 10-01848 (LAP), 2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) ............................ 12

*Doo Nam Yang v. ACBL Corp.*,
  427 F. Supp. 2d 327 (S.D.N.Y. Dec. 5, 2005) ............................................................... 10

*Edwards v. Thomson Reuters (Tax & Acct.) Inc.*,
  No. 19-93 (ER), 2020 WL 2132348 (S.D.N.Y. May 5, 2020) ........................................ 7

*Eng v. City of New York*,
  No. 15-1282 (DAB), 2017 WL 1287569 (S.D.N.Y. Mar. 29, 2017) ............................... 8

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999) ......................................................................................... 11

*Hughes v. Xerox Corp.*,
  37 F. Supp. 3d 629 (W.D.N.Y. Aug. 13, 2014) .............................................................. 8

*Kaplan v. Wings of Hope Residence, Inc.*,
  No. 2:18-2972 (ADS) (AKT), 2020 WL 616630 (E.D.N.Y. Feb. 7, 2020) .................... 12

*Kraiem v. JonesTrading Institutional Servs. LLC*,
  No. 19-05160 (ALC), 2021 WL 2134818 (S.D.N.Y. May 26, 2021) ............................. 13

*Kress v. Bigsky Techs., LLC*,
  No. 15-6430, 2016 WL 4184455 (W.D.N.Y. Aug. 4, 2016) ........................................... 10

*Lavin-McEleney v. Marist Coll.*,
  239 F.3d 476 (2d Cir. 2001) ........................................................................................ 5, 8

*Lehman v. Bergmann Assocs., Inc.*,
  11 F. Supp. 3d 408 (W.D.N.Y. Mar. 31, 2014) ............................................................... 6

*Lifrak v. New York City Council*,
  389 F. Supp. 2d 500 (S.D.N.Y. Aug. 22, 2005) ............................................................ 10

FP 40947644.3

*Maack v. Wyckoff Heights Med. Ctr.*,
    No. 15-3951 (ER), 2016 WL 3509338 (S.D.N.Y. June 21, 2016) ........................................ 7

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
    715 F.3d 102 (2d Cir. 2013) .................................................................................... 9, 14

*Mitra v. State Bank of India*,
    No. 03-6331 (DAB), 2005 WL 2143144 (S.D.N.Y. Sept. 6, 2005) ...................................... 13

*E.E.O.C. v. Port Auth. of New York & New Jersey*,
    768 F.3d 247 (2d Cir. 2014) ................................................................................... 6, 7

*Puchalski v. FM Constr., Inc.*,
    No. 18-1596 (SJB), 2020 WL 6727777 (E.D.N.Y. Nov. 16, 2020) ...................................... 11

*Servello v. New York State Off. of Child. & Fam. Servs.*,
    No. 118-0777 (LEK) (DJS), 2019 WL 974972 (N.D.N.Y. Feb. 28, 2019) ............................. 8

*Setelius v. Nat'l Grid Elec. Servs. LLC*,
    No. 11-5528, 2014 WL 4773975 (E.D.N.Y. Sept. 24, 2014) .............................................. 12

*Shieldkret v. Park Place Ent. Corp.*,
    No. 01-5471 (HB), 2002 WL 91621 (S.D.N.Y. Jan. 23, 2002) ................................. 10, 11, 13

*Solano v. Andiamo Cafe Corp.*,
    No. 19-03264 (SN), 2020 WL 6746052 (S.D.N.Y. Nov. 17, 2020) ...................................... 11

*Szewczyk v. City of New York*,
    No. 15-918 (MKB), 2016 WL 3920216 (E.D.N.Y. July 14, 2016) ....................................... 9

*White v. Pacifica Found.*,
    973 F. Supp. 2d 363 (S.D.N.Y. Sept. 19, 2013) ............................................................ 10

*Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*,
    No. 08-6519 (PKC), 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) ............................... 10, 11, 12

**State Cases**

*Doe v. Bloomberg, L.P.*,
    36 N.Y.3d 450 (2021) .......................................................................................... 13

*Thomas v. Mintz*,
    60 Misc. 3d 1218(A) (Sup. Ct. N.Y. Co. Aug. 1, 2018) ................................................... 9

*Whitfield-Ortiz v. Dep't of Educ. of N.Y.C.*,
    116 A.D.3d 580 (1st Dept Apr. 17, 2014) ................................................................... 9

**Federal Statutes**

Equal Pay Act ....................................................................................................... *passim*

**State Statutes**

New York Labor Law ..........................................................................................................*passim*

**Other Authorities**

New York City Human Rights Law........................................................................................*passim*

FP 40947644.3

# I.     PRELIMINARY STATEMENT

Defendants Ceros, Inc. ("Ceros" or "Defendant"), Melissa Wygant ("Wygant"), and Jennifer Schwalb ("Schwalb") respectfully submit this memorandum of law in support of their partial motion to dismiss Plaintiff Kathleen Mitchell's ("Plaintiff") first, third, and fifth claims for relief and all claims against the individually-named defendants. Plaintiff, a former Producer at Ceros, was terminated from her employment on January 7, 2021, for performance related issues. Plaintiff alleges that Ceros' failure to make a comparable adjustment to her salary after hiring a male Producer, Anish Joshi ("Joshi"), at a starting salary of $90,000 constituted wage discrimination on the basis of sex. Plaintiff also alleges she was terminated from her employment in retaliation for complaining about the difference in pay. Plaintiff brings claims of pay and gender discrimination and retaliation under the Equal Pay Act ("EPA"), 29 U.S.C.§§ 206, 215-16, the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 194, 198, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.* and 8-107(7).

Plaintiff's Amended Complaints fails to set forth facts sufficient to state an EPA and NYLL claim; accordingly, said claims should be dismissed in their entirety. Here, Plaintiff's general description of the job duties and responsibilities of a Producer at Ceros, including the need to adhere to and make schedules and budgets, is insufficient to show that Plaintiff's and Joshi's job duties were substantially equal. Further, Plaintiff does not allege that she and Joshi worked under similar work conditions. Plaintiff simply notes that she and Joshi had the same supervisor, but fails to allege that the conditions of the Producer position were the same.

Plaintiff has also failed to allege a gender discrimination claim under the NYCHRL. Plaintiff relies on the conclusory allegation that because Joshi was offered a higher salary, Wygant and Schwalb subjected her to gender discrimination. The Amended Complaint altogether fails,

however, to allege facts showing Wygant and Schwalb, who are both women, harbored discriminatory animus towards Plaintiff because of her gender.

Finally, all claims asserted against Wygant and Schwalb in their individual capacities should be dismissed. Plaintiff has failed to allege in her Amended Complaint that Wygant and Schwalb exerted sufficient operational control over her employment to render them "employers," and therefore personally liable for Ceros' purported violation of the EPA and NYLL. The NYCHRL claims asserted against Schwalb and Wygant should also be dismissed because Plaintiff has not set forth viable gender discrimination and retaliation claims. Accordingly, Defendants respectfully request that the court grant their partial motion to dismiss and dismiss Plaintiff's first, third, and fifth claims for relief and all claims against the individually-named defendants.

## II.   <u>STATEMENT OF FACTS</u>[1]

Ceros is a cloud-based platform upon which designers can create animated, interactive content. Amended Complaint ("Am. Compl."), ECF Docket No. 12, at Compl. ¶ 8. In August 2018, Plaintiff, who identifies her sex as female, was hired at Ceros as a Junior Producer, receiving a starting annual salary of $60,000. *Id*. at ¶¶ 11-12. Plaintiff alleges unidentified Ceros employees denied her attempts to negotiate for a higher salary. *Id*. at ¶ 12. In August 2019, Plaintiff was promoted to the position of Producer. *Id*. at ¶¶ 11, 13. Plaintiff's annual salary increased to $68,000. *Id*. at ¶ 13.

In or about November 2019, Anish Joshi ("Joshi"), a male, was hired as a Producer with a starting salary of $90,000. *Id*. at ¶¶ 2, 14, 28. Plaintiff alleges she and Joshi were subjected to the "same level and form of supervision" as they both reported directly to Kevin Au ("Au"). *Id*. at ¶ 16. Au reported directly to Wygant, the Head of Professional Services. *Id*. at ¶¶ 9, 16. Plaintiff

---

[1] For purpose of this partial motion to dismiss, the allegations of the Amended Complaint are presumed true.

alleges that while Au was responsible for her and Joshi's day-to-day supervision, Wygant also had supervisory authority and would give them unspecified assignments. *See id*. at ¶ 18. In her capacity as Head of Professional Services, Plaintiff alleges Wygant had hiring and firing authority over the team. *Id*. at ¶ 17. Wygant interviewed both Plaintiff and Joshi before they were hired. *Id*.

Plaintiff alleges she and Joshi, as Producers, had the same job duties and responsibilities. *Id*. at ¶ 20. For example, Plaintiff and Joshi both worked with clients and internal teams to develop, produce, and launch interactive content. *Id*. at ¶ 20. They also created and adhered to schedules and budgets. *Id*. Prior to the COVID-19 pandemic, Plaintiff and Joshi sat next to each other in Ceros' open-plan office. *Id*. at ¶ 19.

After Joshi was hired, Plaintiff learned there was a public Slack channel where Ceros management staff, including Au, Wygant, and an unidentified Human Resources employee, discussed interviewing and hiring Joshi, and his salary offer of $90,000. *Id*. at ¶ 21. During this discussion, unspecified individuals referred to Plaintiff's salary, which was noted to be in the "high sixties." *Id*. at ¶ 22.

In January 2020, Plaintiff met with Schwalb, Ceros' Chief People Officer, and complained that Ceros was paying her less than Joshi because of her gender. *Id*. at ¶¶ 10, 23. Following Plaintiff's meeting with Schwalb, Plaintiff met with Schwalb and Wygant and then Schwalb and Au. *Id*. at ¶ 25. Plaintiff alleges that during her meeting with Wygant and Schwalb, Wygant responded emotionally to Plaintiff's allegations and apologized for the difference in pay, explaining that she had not realized there was any disparity. *Id*. at ¶¶ 2, 26. Schwalb and Wygant promised to "rectify the situation." *Id*. at ¶ 27. Plaintiff received notification in February 2020 that her salary would be increased by $5,000. *Id*. at ¶¶ 2, 28.

On an unspecified date, but in late 2020, Plaintiff alleges she discussed the alleged discriminatory pay disparity with Ceros intern Audrey Stevens ("Stevens"). *Id*. at ¶¶ 3, 29. Stevens had been offered a promotion to a fulltime position and allegedly said to her manager that she did not want "what happened to [Plaintiff]" to happen to her. *Id*. at ¶ 29. Plaintiff alleges that "shortly thereafter," she met with Schwalb who berated Plaintiff for "sharing her claims of unequal pay with Stevens." *Id*. ¶¶ 3, 30. Schwalb allegedly remarked that she thought Plaintiff had let the issue go and questioned why Plaintiff continued to "talk[] about it." *Id*. at ¶ 30. Schwalb allegedly explained the discrepancy between Plaintiff and Joshi in pay by saying "[s]ometimes it's all about bullshitting in an interview." *Id*. at ¶ 31.

On January 7, 2021, several weeks after her meeting with Schwalb, Plaintiff had a meeting over Zoom with Au and Schwalb. *Id*. at ¶ 32. Au notified Plaintiff that she was being terminated from her employment due to certain performance deficiencies. *Id*. at ¶¶ 11, 33. Plaintiff allegedly responded with her belief that her termination was in retaliation for her complaints about equal pay. *Id*. at ¶ 34. Schwalb responded that several deficiencies in Plaintiff's performance supported her termination. *Id*. at ¶ 35. Schwalb explained that she had reviewed emails reflecting Plaintiff's performance issues, and added that the decision to terminate Plaintiff's employment was supported by the professional services team's leadership. *Id*. at ¶¶ 36-37.

### III. <u>ARGUMENT</u>

#### A.    Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and need not accept as true any conclusory allegations. *Id*. at 678, 681 (quoting and citing *Twombly*, 550 U.S. at 554-55) (internal quotation marks omitted). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully. . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must be dismissed. *Id*.; *Twombly* 550 U.S. at 557, 570.

**B.    Plaintiff's EPA, NYLL, and NYCHRL Wage Discrimination Claims Should Be Dismissed**

   1.    Plaintiff Does Not Allege Facts Showing Her and Joshi's Jobs Were Substantially Similar to Support a Finding of Wage Discrimination Under the EPA and NYLL

Plaintiff has failed to plausibly allege facts sufficient to state a wage discrimination claim under the EPA or NYLL. "The EPA prohibits employers from discriminating between employees [in the payment of wages] on the basis of sex." *See Chiaramonte v. Animal Med. Ctr*., No. 13-5117 (KPF), 2014 WL 3611098, at *2 (S.D.N.Y. July 22, 2014) (citing 29 U.S.C. § 206(d)). To state a claim under the EPA, a plaintiff must allege that: (1) "the employer pays different wages to employees of the opposite sex;" (2) "the employees perform equal work on jobs requiring equal skill, effort, and responsibility;" and (3) "the jobs are performed under similar working conditions." *Lavin-McEleney v. Marist Coll*., 239 F.3d 476, 480 (2d Cir. 2001) (quoting *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999)) (internal quotation marks omitted). "Claims for violations of the Equal Pay Act and the [NYLL] may be evaluated under the same standard." *Chiaramonte*, No. 13-5117 (KPF), 2014 WL 3611098, at *2 (quoting *Volpe v. Nassau Cnty*., 915

F.Supp.2d 284, 291 n. 5 (E.D.N.Y. Jan. 3, 2013)). Here, the Amended Complaint fails to set forth factual allegations sufficient to satisfy the second and third requirements of this standard; accordingly, Plaintiff's EPA and NYLL claims should be dismissed.

In her Amended Complaint, Plaintiff first relies on the boilerplate language that she and Joshi, who were both Producers at Ceros, had the "same job duties and responsibilities" that "required them to use the same skills." *See* Am. Compl., ¶ 20. Such conclusory regurgitations of the standard are insufficient to state a claim. *See E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 256 (2d Cir. 2014) (Allegations are insufficient to support a claim if they amount to a "bald recitation of the elements of an EPA claim"); *see also Lehman v. Bergmann Assocs., Inc*., 11 F. Supp. 3d 408, 420 (W.D.N.Y. Mar. 31, 2014) ("the Second Circuit and district courts [have] expressly held that [] conclusory allegations c[an]not withstand a Rule 12(b)(6) motion to dismiss an EPA claim").

Plaintiff also makes barebones factual assertions that, even on a motion to dismiss, are insufficient to support a claim under the EPA and NYLL. In an effort to bolster Plaintiff's assertion that she and Joshi performed equal work requiring the same skill, effort, and responsibility, Plaintiff proffers a three-sentence description in her Amended Complaint of the duties and job responsibilities of a Producer. *See* Am. Compl., ¶ 20. Specifically, Plaintiff alleges that she and Joshi were responsible for working with clients and internal teams to develop and produce content. *See id*. Plaintiff and Joshi also created and adhered to schedules and budgets. *See id*. First, Plaintiff's brief and summative description of the job duties and responsibilities of a Producer consists of no more than a thinly veiled job description that fails to permit a "reasonable inference" that the content of Joshi and Plaintiff's positions was substantially equal. *See E.E.O.C.*, 768 F.3d at 255-56. "Even at the motion to dismiss stage, vague, conclusory, and speculative allegations

will not save an Equal Pay Act claim." *Bass v. World Wrestling Fed'n Ent., Inc*., 129 F. Supp. 2d 491, 503 (E.D.N.Y. Feb. 14, 2001). For example, Plaintiff does not detail the number of clients Plaintiff and Joshi had or the content or difficulty of their assignments, which would provide needed information to assess the comparability of Plaintiff and Joshi's jobs. *See Port Auth. of New York & New Jersey*, 768 F.3d at 255 (The Second Circuit "has [] focused on the congruity and equality of actual job content between the plaintiff and comparator in weighing EPA claims."); *see also id.* at 257 (dismissing EPA claim concerning nonsupervisory female and male attorneys where the EEOC's complaint provided no guidance as to actual content of the matters the attorneys handled, such as "whether the attorneys handled complex commercial matters or minor slip-and-falls, negotiated sophisticated lease and financing arrangements or responded to employee complaints, conducted research for briefs or drafted multimillion-dollar contracts."); *see also Maack v. Wyckoff Heights Med. Ctr*., No. 15-3951 (ER), 2016 WL 3509338, at *11 (S.D.N.Y. June 21, 2016) (dismissing Equal Pay Act claim where complaint was "devoid of any allegations going to whether [plaintiff and her comparator] performed a 'substantially similar' job").

Second, the little Plaintiff describes of their job duties and responsibilities as Producers is simply not enough to adequately allege wage discrimination under the EPA and NYLL. Unlike in *Chiaramonte*, where the plaintiff alleged that she had additional responsibilities and worked more days, in addition to having the same job as the alleged comparator, Plaintiff has not "cleared the bar" to allege an EPA claim. *See Chiaramonte*, No. 13-5117 (KPF), 2014 WL 3611098, at *5-6. Here, the general assertions that Plaintiff and Joshi had to work with clients and internal teams, which included commonplace tasks such as creating and adhering to schedules and budgets, does not create the reasonable inference that the content of their positions was substantially equal. *See Edwards v. Thomson Reuters (Tax & Acct.) Inc*., No. 19-93 (ER), 2020 WL 2132348, at *3

(S.D.N.Y. May 5, 2020) (where plaintiff described some of the job responsibilities she allegedly shared with her comparator, the court held that "[w]hile [the] allegations arguably provide[d] some additional content, "they [fell] short of the requisite showing supporting a reasonable inference of substantially equal work."). Furthermore, "the inquiry into whether jobs are 'substantially equal' in skill, effort, and responsibility and performed under similar condition does not end with a comparison of substantive duties." *See Servello v. New York State Off. of Child. & Fam. Servs.*, No. 118-0777 (LEK) (DJS), 2019 WL 974972, at *5 (N.D.N.Y. Feb. 28, 2019). Thus, Plaintiff fails to allege facts showing that, while they may have both worked with an unspecified number of clients and with internal teams, she and Joshi had substantially equal responsibilities with respect to their work with those clients and teams. *See id.* (quoting 29 C.F.R. § 1620.17) ("Responsibility is concerned with the degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation."). Finally, the factual allegation that Plaintiff and Joshi both had the same years of experience in advertising and sat next to each other in their open floor plan office provides little, if any, insight as to whether Plaintiff and Joshi performed substantially equal work. *See Eng v. City of New York*, No. 15-1282 (DAB), 2017 WL 1287569, at *3 (S.D.N.Y. Mar. 29, 2017), aff'd, 715 F. App'x 49 (2d Cir. 2017) (quoting *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d at 256) ("under the EPA, a viable claim depends on the comparison of actual job content") (internal quotation marks omitted).

Plaintiff also fails to allege that she and Joshi worked under substantially similar working conditions. *See Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001). While Plaintiff alleges she and Joshi worked under the same direct supervisor, that simple factual statement, without any further detail, does not adequately describe the working *conditions* of their employment to make a sufficient comparison. *See Hughes v. Xerox Corp.*, 37 F. Supp. 3d 629, 645

8

(W.D.N.Y. Aug. 13, 2014) ("[T]o withstand a motion to dismiss, the plaintiff must allege how her position and the comparison positions were substantially similar."). Since the Amended Complaint fails to allege facts sufficient to permit the reasonable inference that Plaintiff and Joshi performed equal work on jobs requiring equal skill, effort, and responsibility or that they worked under similar working conditions, Plaintiff's EPA and NYLL wage discrimination claims should be dismissed.

### 2. Plaintiff Does Not State a Claim of Gender Discrimination Under the NYCHRL

Plaintiff fails to allege facts within her Amended Complaint sufficient to state a claim of gender discrimination under the NYCHRL. To state a claim, a "plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (citing *Williams v. N.Y. City Hous. Auth.*, 872 N.Y.S.2d 27, 39 (1st Dep't Jan. 27, 2009)). The Amended Complaint does not allege facts supportive of Plaintiff's claim that Wygant or Schwalb treated her less well because of her gender. Plaintiff fails to plead any facts showing that Schwalb and Wygant made comments or exhibited animus towards Plaintiff because of her gender. *See Thomas v. Mintz*, 60 Misc. 3d 1218(A) (Sup. Ct. N.Y. Co. Aug. 1, 2018), *aff'd as modified*, 182 A.D.3d 490, 122 N.Y.S.3d 21 (2020); *see also Whitfield-Ortiz v. Dep't of Educ. of N.Y.C.*, 116 A.D.3d 580, 581 (1st Dept Apr. 17, 2014). Indeed, after Plaintiff raised her disparate pay allegation, both Schwalb and Wygant held meetings with Plaintiff where they listened to her concerns and Plaintiff received a $5,000 raise. Wygant and Schwalb's actions show that they sought to remedy Plaintiff's concerns while also confirming there were legitimate reasons for the difference in salary between Plaintiff and Joshi. Furthermore, Plaintiff's gender discrimination claim is undermined by the fact that both Wygant and Schwalb are women. *See Szewczyk v. City of New York*, No. 15-918 (MKB), 2016 WL 3920216, at *7 n. 7 (E.D.N.Y. July 14, 2016) (quoting *Meyer v. State of N.Y. Office of Mental*

*Health*, No. 12-6202, 2016 WL 1228603, at \*11 (E.D.N.Y. Mar. 28, 2016) ("It is a well-settled, albeit not dispositive, principle that where the alleged discriminator is a member of the same protected class as [p]laintiff, an inference against discrimination exists and claims of discrimination become less plausible.")); *see also White v. Pacifica Found.*, 973 F. Supp. 2d 363, 380-81 (S.D.N.Y. Sept. 19, 2013). Accordingly, Plaintiff's conclusory and unsupported gender discrimination claim is without merit and should be dismissed.

### C.   Plaintiff's EPA, NYLL, and NYCHRL Claims Against the Individual Defendants Should Be Dismissed

#### 1.   Wygant and Schwalb Were Not Plaintiff's Employer Under EPA and NYLL

Wygant and Schwalb were not, within the meaning for the EPA and NYLL, Plaintiff's employer; accordingly, claims levied against them in their individual capacities should be dismissed. "Employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08-6519 (PKC), 2009 WL 976835, at \*2 (S.D.N.Y. Apr. 9, 2009) (citing 29 U.S.C. § 203(d)); *see also Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 503 (S.D.N.Y. Aug. 22, 2005) ("As part of the FLSA, the [Equal Pay Act] utilizes the FLSA's enforcement mechanisms and employs its definitional provisions."). "The definition of 'employer' is similarly expansive under New York law, encompassing any 'person employing any [employee].'" *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342 (S.D.N.Y. Dec. 5, 2005) (quoting N.Y. Lab. L. § 2(6)).

The Second Circuit has adopted an economic reality test in order to determine if an individual sued in their individual capacity qualifies as an "employer." *See Shieldkret v. Park Place Ent. Corp.*, No. 01-5471 (HB), 2002 WL 91621, at \*4 (S.D.N.Y. Jan. 23, 2002); *see also Kress v. Bigsky Techs., LLC*, No. 15-6430, 2016 WL 4184455, at \*1–2 (W.D.N.Y. Aug. 4, 2016) (Courts apply an "economic reality" test to determine whether workers are employees and whether

managers or owners are employers.). "Under the economic reality test, an employer is one that has the power to (1) hire and fire the employees, (2) supervise and control employee work schedules or conditions of employment, (3) determine the rate and method of payment, and (4) maintain employment records." *Shieldkret v. Park Place Ent. Corp*., No. 01-5471 (HB), 2002 WL 91621, at *4 (S.D.N.Y. Jan. 23, 2002). These factors are considered on a "case-by-case basis by review of the totality of the circumstances." *Solano v. Andiamo Cafe Corp*., No. 19-03264 (SN), 2020 WL 6746052, at *3 (S.D.N.Y. Nov. 17, 2020). "The overarching concern is whether the alleged employer possessed the power to control the workers in question." *Xue Lian Lin*, No. 08-6519 (PKC), 2009 WL 976835, at *2.

Here, Plaintiff has failed to allege facts sufficient to meet the economic realities test. First, while Plaintiff alleges Wygant had the authority to hire and fire members of the Professional Services team, it is notable that it was her direct supervisor, Au, who told Plaintiff she was terminated from her employment during a Zoom call with Schwalb. Wygant was not in attendance.[2] Even if the court finds Plaintiff has alleged facts sufficient to show Schwalb and Wygant were responsible for Plaintiff's termination, control over said types of decisions is only one consideration when determining if an individual is an employer. *See Herman v. RSR Sec. Servs. Ltd*., 172 F.3d 132, 139 (2d Cir. 1999) ("No one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive.") (internal citations omitted).

Second, the Amended Complaint lacks any specific examples of Wygant directly exerting control over Plaintiff's work schedule or the conditions of her employment. *See Puchalski v. FM Constr., Inc.*, No. 18-1596 (SJB), 2020 WL 6727777, at *7-8 (E.D.N.Y. Nov. 16, 2020). Plaintiff's

---

[2] Plaintiff alleges Wygant was one of the key decisionmakers for the decision to terminate Plaintiff's employment, but does not assert a retaliation claim against Wygant.

assertion that Wygant "could and did" give assignments is insufficient to allege Wygant *controlled* Plaintiff's schedule and the conditions of her employment. *See Kaplan v. Wings of Hope Residence, Inc*., No. 2:18-2972 (ADS) (AKT), 2020 WL 616630, at *7-8 (E.D.N.Y. Feb. 7, 2020) (plaintiff's allegation that his supervisors "would provide specific instructions to the Plaintiff by text message as to how to handle certain situations" insufficient to show control). In fact, Plaintiff admits Au was responsible for Plaintiff's day-to-day supervision. *See* Am. Compl. ¶ 18. Plaintiff does not even attempt to assert Schwalb had control over the conditions of Plaintiff's employment.

Third, the Amended Complaint does not plausibly allege that because Wygant participated in a Slack channel discussion pertaining to human resources decisions that she, and Schwalb, personally, had the power to control Plaintiff's wages. *See Xue Lian Lin*, No. 08-6519 (PKC), 2009 WL 976835, at *2. Indeed, Plaintiff does not specifically allege who made the determination to offer Joshi $90,000. Finally, the Amended Complaint does not allege Wygant or Schwalb maintained employment records. *See id.*

"The 'economic reality' test is designed to constrain the otherwise broadly applicable plain language of the statute, which 'taken literally would support liability against any agent or employee with supervisory power over [other] employees.'" *See Diaz v. Consortium for Worker Educ., Inc.*, No. 10-01848 (LAP), 2010 WL 3910280, at *2 (S.D.N.Y. Sept. 28, 2010) (quoting *Johnson v. A.P. Products, LTD*., 934 F. Supp. 625, 628 (S.D.N.Y. Aug. 6, 1996)). Here, the "totality of the circumstances" do not point to Wygant and Schwalb being Plaintiff's employer. Schwalb and Wygant, as managerial employees, did not have "operational control" over Plaintiff's employment but merely effectuated decisions that were ultimately approved by individuals with decision-making authority. *See Setelius v. Nat'l Grid Elec. Servs. LLC*, No. 11-5528, 2014 WL 4773975, at *35 n.33 (E.D.N.Y. Sept. 24, 2014). Further, as stated, Plaintiff has failed to plausibly allege facts

12

showing that Wygant and Schwalb had the authority to hire and fire, controlled Plaintiff's work schedule or the conditions of her employment, determined Plaintiff's rate or method of payment, or maintained employment records. *See Shieldkret v*, No. 01-5471 (HB), 2002 WL 91621, at \*4. Accordingly, Plaintiff's EPA and NYLL claims, made against Wygant and Schwalb in their individual capacities, should be dismissed.

> 2. <u>Plaintiff's NYCHRL Claims Against the Individual Defendants Should Be Dismissed Because She Has Not Adequately Alleged Gender Discrimination or Retaliation</u>

Under the NYCHRL, employees of a business entity may be held liable "for their own discriminatory conduct, for aiding and abetting such conduct by others, or for retaliation against protected conduct." *Doe v. Bloomberg, L.P.*, 36 N.Y.3d 450, 459 (2021). Preliminarily, Plaintiff's aider and abettor claim against the individual defendants should be dismissed since Plaintiff has failed to sufficiently plead a gender discrimination claim. *See Doe*, 36 N.Y.3d at 459; *see also Kraiem v. JonesTrading Institutional Servs. LLC*, No. 19-05160 (ALC), 2021 WL 2134818, at \*3 (S.D.N.Y. May 26, 2021) ("Aiding and abetting is only a viable theory where an underlying violation has taken place."). To the extent Plaintiff's gender discrimination claim survives, Plaintiff does not allege that Schwalb was involved with any determination concerning Joshi's starting salary. Indeed, Plaintiff alleges only Au, Wygant, and an unidentified Human Resources employee participated in the Slack channel discussion at issue. *See Mitra v. State Bank of India*, No. 03-6331 (DAB), 2005 WL 2143144, at \*3 (S.D.N.Y. Sept. 6, 2005) ("the prerequisite for individual liability under the NYCHRL" is that "the defendant at issue must have actually engaged in a discriminatory act.").

Plaintiff's retaliation claim against Schwalb should also be dismissed since Plaintiff has not plausibly alleged facts showing she was terminated because of her protected activity. *See*

*Mihalik*, 715 F.3d at 113 ("a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by [...] retaliatory motives"). Indeed, it was not until a year after Plaintiff originally made her complaint that she was terminated from her employment. Further, while Plaintiff is presumably relying on Stevens' statement and any conversation Plaintiff had with Stevens to allege she engaged in protected activity with greater temporal proximity to her termination in order to strengthen her retaliation claim, Plaintiff has still failed to allege facts showing that it was due to Schwalb's alleged retaliatory motive that she was terminated. *See Mihalik*, 715 F.3d at 113. Indeed, it was Plaintiff's direct supervisor, Au, who told Plaintiff she was being terminated, and Plaintiff has not alleged that Au acted with any impropriety or under coercion. Accordingly, since Plaintiff has failed to allege underlying claims of gender discrimination and has otherwise, not alleged facts showing Schwalb either aided and abetted the alleged wage discrimination or engaged in retaliation, her NYCHRL claims, as made against both individual defendants, should be dismissed.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiff's Amended Complaint in its entirety without leave to replead and grant all such other relief that this Court deems just and proper.

Dated: July 12, 2021

Respectfully submitted,

**FISHER & PHILLIPS LLP**
*Attorneys for Defendants*,
Ceros, Inc.

By:   */s/ Brian Gershengorn*
Brian J. Gershengorn
620 Eighth Avenue, 36th Floor
New York, NY 10018
Tel.: (212) 899-9979
bgershengorn@fisherphillips.com

15