**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KATHLEEN MITCHELL,                            :
                                              :    Case No. 21-cv-1570 (KPF)
                    Plaintiff,                :
                                              :
        v.                                    :    STIPULATION AND ORDER FOR
                                              :    PRODUCTION AND EXCHANGE
CEROS, INC., JENNIFER SCHWALB, and            :    OF CONFIDENTIAL
MELISSA WYGANT,                               :    INFORMATION
                                              :
                    Defendants.               :
                                              :
-----------------------------------------------------------------X

This matter having come before the Court by stipulation of Plaintiff Kathleen Mitchell ("Plaintiff" or "Mitchell") and Defendants Ceros, Inc., Jennifer Schwalb, and Melissa Wygant (collectively, "Defendants") for the entry of a protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any party or prospective party and their respective counsel, or by any non-party, in the course of discovery in this matter to the extent set forth below; and the parties, by, between, and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown that this Stipulation be entered as an Order of the Court,

IT IS HEREBY ORDERED that:

1.      For the purposes of this Stipulation and [Proposed] Order for Production and Exchange of Confidential Information (the "Protective Order") the following documents and information may be designated as "Confidential," provided such documents are not public:

        a. Commercial Data, including but not limited to, confidential or proprietary research; development, commercial, financial, or business information; trade

secrets; company security matters; customer lists and information; non-public financial statement information, policies, and communications; non-public accounting and financial records, policies, and communications; sales data and projected sales data; pricing data; and handbooks and policies.

    b. Personal Data, including but not limited to, personal identifiers, financial information, tax records, and employer personnel or human resources records.

    c. Medical and Legal Records, including but not limited to, medical files and reports.

2.    If any party believes a document not described in the above paragraph should nevertheless be considered "Confidential," it may make an application to the Court. Such application shall only be granted for good cause shown.

3.    An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "Confidential" on each page.  Medical records and mental health treatment records, whether produced by a party to this action or a third-party, shall be deemed confidential regardless of whether they are so labeled.

    a. If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "Confidential," and incorporate by reference the appended material into the responses.

    b. At the time of a deposition, or within thirty (30) days after receipt of the deposition transcript, a party may designate as "Confidential" specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (1) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at a deposition that an answer would

elicit confidential information. Transcripts will be treated as confidential for this thirty (30) day period. Any portion of a transcript designated "Confidential" shall thereafter be treated as confidential in accordance with this Protective Order. The "Confidential" portion of the transcript, and any exhibit referenced solely therein, shall be saved in a separate document and marked "Confidential Information" by the reporter.

4.    Documents designated "Confidential" shall be shown only to the following persons (the "Designated Persons"):

a.    The parties to this action.

b.    Any witness(es) whom counsel for any party in good faith believes may be called to testify at trial or a deposition in this action, and any witness(es) who are deposed by any party in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order.

c.    Counsel for the parties to this action who are charged with responsibility for, and are actively engaged in the preparation of, this matter for trial and in the actual trial of this matter or any appeal therein ("Counsel"), and Counsel's employees, including but not limited to, paralegals, secretaries, and clerical employees who are actually involved in the preparation and/or trial of this action or any appeal therein.

d.    Experts, consultants, outside vendors, or service providers retained by the parties to assist in the preparation and/or trial of this action, and their employees who are involved in the preparation and/or trial of this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order.

e.   Court reporters, stenographers, or videographers engaged for depositions and at trial and/or in connection with any hearing in this action.

f.   Defendants' in-house counsel.

g.   The Court in this action, including any appellate Court, the members of the jury, Court reporters, and all Court personnel.

h.   Case evaluators, facilitators, and/or mediators as assigned by the Court or mutually agreed-upon by the parties.

i.   Any other person agreed-to in writing by the parties.

5.     Prior to any disclosure of Confidential information to any person referred to in subparagraphs 4(b) and/or 4(d) above, such person shall be provided by Counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

6.     A party who is a recipient of a document which it believes contains Confidential information may designate that document as "Confidential" by notifying the producing party in writing of the need to so designate it. In such event, the producing party shall mark the document as "Confidential" and distribute it as marked to each party.

7.     Before disclosing any Confidential information to any Designated Persons identified in paragraph 4(b), 4(d), and/or 4(i), above, Counsel must provide a copy of this Protective Order to such person. If any such person fails or refuses to agree to comply with the terms of this Protective Order as to any particular Confidential information, disclosure of such Confidential information shall not be permitted to that person at that time.

8.     The parties agree that any Confidential discovery material produced in this litigation may only be used in connection with this litigation.

4

9.      Review of the Confidential documents and information by Counsel, experts, and/or consultants for the litigants in this litigation shall not waive the confidentiality of the documents or objections to production.

10.      By agreeing to the procedures set forth in this Protective Order, none of the parties agree to produce any documents, or waive or prejudice any objection they may have to the production of any documents, or admissibility at trial of any document, testimony, or other evidence. Nothing contained herein shall prejudice the right of any party to object to the production of any documents or admissibility at trial of any document, testimony, or other evidence. In addition, the fact that a party has entered into this Protective Order is not, and shall not, be argued or deemed to constitute a waiver of any objections such party may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges) or admissibility at trial of any document, testimony, or other evidence. This Protective Order does not prejudice the right of any party to apply to the Court for an Order compelling the production of documents, or to apply to the Court for:

   a.   a further Protective Order relating to any discovery in this action; or

   b.   an Order declaring that a document or information designated as "Confidential" is not confidential and should not be subject to this Protective Order; and likewise does not prejudice the right of any party to object to any such application or motion.

Nothing contained in this Protective Order will be construed as a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

11.      The inadvertent, unintentional, or in camera disclosure of a Confidential document or Confidential information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some

portion(s) of the discovery material that the party produced should be designated as "Confidential," the party may so designate by apprising all parties in writing and, provided the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Protective Order.

12.     Until a document or other material is designated as "Confidential" by the party producing it, the party receiving the document or material shall be entitled to treat it as non-confidential. When the document or material is designated as "Confidential," however, counsel to the disclosing party shall re-produce the document with the "Confidential" designation. The parties thereafter shall treat the document or information, including all copies thereof, as confidential in accordance with this Protective Order, and shall use only the copy bearing the "Confidential" designation.

13.     If a party believes that a document designated or sought to be designated "Confidential" by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such dispute with opposing counsel. In the event such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the "Confidential" designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

14.     The parties to this action, and any other person receiving the Confidential information, explicitly agree that this Confidential information shall not be disclosed to members or representatives of the press or media, including social media, unless such disclosure is required by law or is ordered by a court of competent jurisdiction. In this regard, the parties and any other person receiving the Confidential information explicitly agree that the use of such Confidential

information in connection with the prosecution or defense of the above-captioned action by the parties shall not include its disclosure to members of the press or media.

15.    This Protective Order shall not alter the rights of any such person who, notwithstanding disclosure pursuant to this Protective Order, currently has access to, or possession of, Confidential information.

16.    No modification or other change to this Protective Order shall be effective unless it is in writing and signed by all counsel of record, or has been reduced to an Order of the Court.

17.    All Confidential information produced during discovery, and all copies, digests, or summaries made thereof, including copies, digests, or summaries distributed to experts or consultants, and those appended to depositions, shall either be:  (a) returned to the producing parties within sixty (60) days after final determination of this action; or (b) destroyed by the party possessing such Confidential information within sixty (60) days after the final determination of this action. Nothing herein shall prohibit counsel from retaining copies of its work product referencing or otherwise discussing Confidential information or complying with its recordkeeping requirements.

18.    If any party is served with a subpoena or Court Order requiring the disclosure of any Confidential information, that party shall notify all other parties to this action in writing, care of each party's respective counsel of record, via e-mail within three (3) business days of being served with such subpoena or Court Order.

19.    There shall be no presumption that Confidential information shall be filed with the Court under seal.  Any motion for leave to file under seal Confidential information, or any portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential information, shall be filed in accordance with the Southern District of New York's instructions for

filing sealed documents and the individual rules of Magistrate Judge Sarah L. Cave and/or District Judge Katherine Polk Failla, as applicable.

20.     Nothing in this Protective Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery. If a producing party inadvertently produces material that the producing party later discovers to be privileged or subject to other protection, such as the attorney-client privilege and/or work product doctrine, the production of that material shall not be deemed to constitute either:  (a) a general waiver of the attorney-client privilege, the work product doctrine, and/or any other recognized privilege; or (b) a specific waiver of any such privilege with respect to documents being produced or testimony given. In such circumstances, as soon as the producing party becomes aware that privileged or protected material was produced, it must notify the receiving party and request, at the producing party's election, either the return or the destruction of the produced material. Within five (5) business days after receiving such notification, the receiving party shall, as instructed, return, or destroy all such produced material, including all copies and summaries thereof in any receiving party work product, and provide a certification to counsel that all such information has been returned or destroyed. The receiving party shall not use the contents of such material for any purpose. The receiving party must take reasonable steps to retrieve the produced material if the receiving party disclosed it before being notified. The parties recognize that the protection under this paragraph is stricter than that provided for under the Federal Rules of Civil Procedure and is made for the purpose of compliance with Federal Rule of Evidence 502(d).

21.     If the receiving party becomes aware during the review of any material that such material is likely to be privileged or subject to some other protection, the receiving party shall

immediately notify the producing party and sequester the material until the producing party has had a reasonable opportunity to respond.

22.     This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Protective Order to whom Confidential discovery material or Confidential information is produced or disclosed.

23.     This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

24.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties. There are no intended beneficiaries of this Protective Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

SO STIPULATED AND AGREED.

Dated: May 5, 2022

JOSEPH & KIRSCHENBAUM LLP

By: 

Denise A. Schulman
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, New York 10004
(212) 688-5640

*Attorneys for Plaintiff*

FISHER & PHILLIPS LLP

By: 

Brian J. Gershengorn
Amanda M. Blair
The New York Times Building
620 Eighth Avenue, 36th Floor
New York, NY 10018
Tel. (212) 899-9960
bgershengorn@fisherphillips.com
ablair@fisherphillips.com

*Attorneys for Defendants*

This confidentiality agreement does not bind the Court or any
of its personnel.  The Court can modify this stipulation at
any time.  The Court will retain jurisdiction over the terms
and conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 6(A) of this Court's
Individual Rules of Civil Procedure.

Dated:      May 9, 2022                SO ORDERED.
            New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

KATHLEEN MITCHELL,                          :
                                            :
                    Plaintiff,              :       Case No. 21-cv-1570 (KPF)
                                            :
          v.                                :
                                            :       NON-DISCLOSURE AGREEMENT
CEROS, INC., JENNIFER SCHWALB, and          :
MELISSA WYGANT,                             :
                                            :
                    Defendants.             :
                                            :
-----------------------------------------------------------------X


I, _____, acknowledge that I have read and

understand the Stipulation and Order for Production and Exchange of Confidential Information

(the "Order") relating to the production and exchange of Confidential information in this action. I

agree that I will not disclose any Confidential discovery material produced in this litigation to

anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will

return all discovery information to the party or attorney from whom I received it. By

acknowledging these obligations under the Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for the Southern District of New York for the

purpose of any issue or dispute arising under this Non-Disclosure Agreement, and that my willful

violation of any term of the Order could subject me to punishment for contempt of Court.



                                            _____


Dated:_____